CABEEE, J-
The first question is, whether in this action of assumpsit against the administrator de bonis non, to recover a debt due from the testator, it was competent to the plaintiff to join counts on promises by the executor as executor, with counts on promises by the testator, in order to save the statute of limitations ?
It is perfectly clear, that in an action against an executor or administrator (I mean an original administrator) such counts may be joined ; and that that is the proper mode of declaring against executors, or administrators, to save the statute of limitations ; 2 Wms. Saund. 117, e; 1 H. Black. 102; Epes’s adm’r v. Dudley’s adm’r, 5 Rand. 436. This position being admitted or established, it seems to me, that it must follow, as a necessary consequence, that such counts *may also be joined, where the 'action is brought against the administrator de bonis non. It is clearly competent to an executor, by his promise to pay a debt of the testator, to exempt the case from the operation of the statute of limitations; and it is no devastavit in him to do so. If the executor die or be removed before he has paid the debt, it still remains a debt due from the testator; and the obligation to pay it devolves on the administrator be bonis non, who comes in the place of the executor, and is the representative of the testator. Why, then, may not the creditor, in an action against the administrator de bonis non, avail himself of the promise by the executor in the same manner as he might have done, if the action had been brought against _ the executor himself ? It is said, there is no privity between the administrator de bonis non and the executor. Even if this were so, I do not see that it would affect the question under consideration. The right of the plaintiff to proceed against the administrator de bonis non, for a debt due from the testator, and which has been saved from the operation of the statute of limitations by a promise of the executor, depends, as I conceive, not so much on the idea of a privity between the administrator de bonis non and the executor, as on the right of the creditor to the debt due from the testator, and the obligation of the administrator as the representative of the testator, to pay all his debts, so far as the unadminis-tered assets will extend. But, I am of *421 opinion, there is a privity of estate between the administrator de bonis non and the executor. I know it was said by one of the judges of this court, in Wernick’s adm’r v. M’Murdo, 5 Rand. 51, 55, that there is no privity between them. No person can respect that judge’s opinions more than I do ; but I must differ from him on this point. Besides, that was not the question before the court in that case : the real question was, whether it was competent for the administrator de bonis non to maintain a suit against the representatives of the deceased administrator, for assets of the intestate, which had been wasted, or converted to his own use, by the first administrator ; *and it was decided, not on the ground of the want of privity, but on the ground that the commission of the administrator de bonis non did not extend to such assets. In Dykes & co. v. Woodhouse’s adm’r, 3 Rand. 287, the question was, whether an administrator de bonis non was entitled to an action of debt, or scire facias on a judgment obtained by an executor for a debt due to the testator. It appears from the authorities cited in that case, that the courts of England had formerly, for a great length of time, decided that the administrator de bonis non had no such right; and the principal ground of their decision was, that there was no privity between him and the first administrator. Two of the three judges of this court, who decided Dykes & co. v. Woodhouse’s adm’r, did not say whether, in their opinions, there was or was not a privity between them: they did, however, decide, in opposition to the former decisions of the english courts, that the administrator de bonis non might enforce the former judgment, either by action of debt, or by scire facias ; and if I were called to judge, by their arguments as reported, I should say, they thought there was a privity. Judge Brooke, the other judge, expressed himself positively, that there is a privity of estate. And whatever may have been the opinion of the english judges in former times, I am inclined to believe, that at the present day, it is admitted in England, that there is a privity between the administrator de bonis non, and the former administrator. This manifestly appears to have been the opinion of lord Kenyon and of Ashhurst justice, who decided the case of Hirst, adm’r &c. v. Smith, 7 T. R. 182. That case was assumpsit by an administrator de bonis non, to recover a debt due to the plaintiff’s intestate. The declaration contained one set of counts on promises made by the defendant to the intestate, and another on promises made to the former administrator. The plea was the statute of limitations. A verdict having been found for the plaintiff, the counsel for the defendant moved in arrest of judgment, “because no promises was laid to have been made to the plaintiff, but to the former ^administrator, between whom and the plaintiff there was no privity.” Lord Kenyon said, “ The defendant’s objection rests on this broad foundation, that there is no privity between the former administrator and the plaintiff, the administrator de bonis non. But that proposition certainly is not true in its extent. Suppose the former administrator had entered into an agreement for the sale of the lease of a chattel interest belonging to the intestate, and had died before the agreement was completed, the administrator de bonis non, stands in such privity of estate, that he would be compelled to carry the agreement into execution.” And Ashhurst, J., said, “As it is alleged that the promise was made to a person from whom the plaintiff deduces his title, and between whom and the plaintiff there is a privity of estate in law, it is the same as if it had been stated that the promise had been made to the plaintiff himself, because the law recognizes the relation.” Here, then, is a case where the administrator de bonis non was plaintiff claiming the benefit of a promise made to the former administrator, and which was decided in his favor, expressly on the ground of privity. The case supposed by lord Kenyon, is more opposite to that now before us ; a case where the administrator de bonis non would be defendant, and where the effort would be to bind him to the performance of a promise made by the former administrator; and he says he would be bound on the ground of privity. This ^produces a symmetry in all the parts of the law in relation to this subject. An administrator de bonis non, when plaintiff, will be entitled to the benefit of judgments and promises rendered for or made to the executor or former administrator, according to the case of Dykes & co. v. Woodhouse’s adm’r and Hirst v. Smith; and, when defendant, he will be subjected to judgments and promises rendered against or made by the executor or former administrator, for debts due from the testator or intestate ; Cro. Car. 167.
Upon the whole I am decidedly of opinion, that, if the two counts founded on the promises of the displaced executor, *in this case, had been properly framed, the demurrers to them ought to have been overruled.
But there is a fatal objection to them. The promises laid in them, are not stated to have been made by the executor as executor ; which is absolutely necessary to justify their being joined with counts on promises made by the testator ; Brigden v. Parks & al. ex’rs &c., 2 Bos. & Pul. 424 ; 1 Chit, plead. 205, 6. The reason of this is obvious : the judgment on promises by the testator, would be de bonis testatoris ; the judgment on promises by the executor not stated to have been made by him as executor, would be de bonis propriis. On this ground, I think the judgment should be affirmed.
CARR, J.
Agreeing with my brother Cabell in the view he has taken of this subject, I should not have said a word but for the purpose of correcting or rather explaining a proposition of mine, too broadly stated, in Wernick v. M’Murdo.
The demurrer to the counts in the declaration founded on the promises of the displaced executor, presents two questions : Whether the assumpsit of the executor can bind the administrator de bonis non? and if it can, Whether the executor’s assumpsit be well laid in those counts ?
That the promise of an executor, or of an administrator to whom full administration is committed, will bind the estate of the testator or intestate, so far at least as to take the case *422 out of the statute of limitations, is well established. All the books of practice give us the forms of declaring in such cases, and shew us also, that these promises may be joined in the same declaration with counts on promises of the testator or intestate, for the reason, that the judgments will be the same on both, a judgment de bonis testatoris. But, it is said there is no privity between the executor or first administrator and the administrator de bonis non ; and Wernick v. M’Murdo is referred to. Upon examining-that case, I find that I have said, in so many words, there is no privity between them. I was speaking then of the distinction *between the executor of an executor, and the administrator de bonis non : 'the privity of representation was in my mind: and, as the administrator de bonis non does not claim by, through or under, the former executor or former administrator, I said there was no privity between them. The proposition, taken as I intended it, is correct; but certainly not so, in its broadest extent. There is that sort of privity of estate between them, which enables the executor or first administrator to bind the administrator de bonis non, by his acts properly done while in office. The case put by lord Kenyon in Hirst v. Smith, is apt to illustrate this : he says “suppose the former administrator had entered into an agreement for the sale of a lease of a chattel interest belonging to the estate, and had died before the agreement was completed, the administrator de bonis non stands in such privity of estate, that he would be compelled to carry that agreement into execution.” And this is the voice of reason, as well as authority. The executor or administrator represents the testator or intestate completely ; he has the legal estate ; and it is necessary that he should have it, both for its management, and for the safety of those who deal with him. When he has made a contract as to any of the property, which he had a perfect right to make, and another has thereby gained an interest in that property, his subsequent death or removal cannot affect that interest. In truth, the question does not seem to me to be one of privity, but of power. Here was a debt claimed of the testator : to whom was the creditor to look ? To the representative. He applies to the executor while the debt is yet untouched by the statute of limitations, and tells him, here is a debt due me by your testator, and here is the proof of it: it is a debt due by simple contract, and I must sue at once. The executor replies, I see the debt is just, and I tell you befpré this witness, that I will pay it; therefore, you need not bring suit, but give me time, till money of the estate comes to my hands. The creditor waits; the executor dies ; an administrator de bonis non is appointed : shall he say to the creditor, the promise of the executor does not *bind me, nor take your debt out of the statute ? Surely, no. The promise does bind him, or rather the estate, at least so far as to remove the bar of the statute; for the executor was clothed with full power to do what he did.
As to the other point, the counts in question are fatally defective. The promises of the executor on which they are founded, are not laid, as they ought to have been, as promises made by the executor as executor.